UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA, TUCSON
ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND

DATE: 1/28/2016

```
✓ FILED      ___ LODGED
___ RECEIVED ___ COPY

    JAN 28 2016

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ DEPUTY
```

CASE NUMBER: CR 15-02058-TUC-RM(LAB)

USA vs. JOHN HOWARD BADGER

☒ PERSONAL RECOGNIZANCE (O/R)

☐ AMOUNT OF BOND _____ ☐ UNSECURED ☐ SECURED BY _____

**DEFENDANT IS SUBJECT TO THE FOLLOWING CONDITIONS:**

☒ Defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

☒ Defendant shall not commit any federal, state or local crime.

☒ Defendant shall cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☒ Defendant shall IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, PRIOR TO any change in residence address, mailing address or telephone number.

1. The defendant shall report to Pretrial Services as directed.

2. The defendant shall not travel outside of Arizona or Minnesota, unless the defendant is traveling between the two states for court appearances or meetings with respective counsel. The defendant is not permitted to leave the State of Minnesota unless travel is approved by the Supervising Officer. The defendant shall reside in Minnesota and not reside in Arizona. The defendant shall contact Supervising Officer prior to departing and upon arrival in the respective states.

3. The defendant shall not possess or attempt to acquire in his residence, vehicle, or premises any firearm, destructive device, ammunition, or other dangerous weapon.

4. The defendant will refrain from direct or indirect contact with victim(s), witness(es), or family of victim(s) or witness(es).

5. Participate in one of the following Location Monitoring Program components and abide by its

    requirements as the Pretrial Services officer or supervising officer instructs:

    Home Detention: You are restricted to your residence at all times except for employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court ordered obligations, or other activities as pre-approved by the pretrial services office or supervising officer.

    The defendant must pay all or part of the cost of the program at officer's discretion.

    The defendant shall submit to the location monitoring indicated below and abide by all the program requirements and instructions provided by the pretrial services office or supervising officer related to the proper operation of the technology. The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.

    Location monitoring technology at the discretion of the officer.

6. The defendant shall maintain or actively seek suitable employment and provide proof of such to Pretrial Services.

7. The defendant shall refrain from ANY use of alcohol and any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. 802, unless prescribed by a licensed medical practitioner. The defendant shall submit to drug treatment, not limited to drug/alcohol testing, including urine drug testing and breathalyzer tests, at the discretion of Pretrial Services. The defendant shall make a copayment directly to the agency contracted by Pretrial Services to provide any required counseling or drug testing, in an amount to be determined by Pretrial Services, not to exceed the total cost of services rendered, each month until these services are terminated.

8. The defendant shall not interfere, obstruct or tamper, in any way with the administration of any Court ordered substance abuse testing.

9. The defendant shall be released to the third-party custody of Mary Badger and reside at the residence on file with Pretrial Services.

10. The defendant shall actively participate in any mental health treatment program as directed by Pretrial Services. The defendant shall comply with all treatment requirements including taking all medication as prescribed by his/her mental health care provider.

11. The defendant shall surrender any passport, Green card, Visa, Advanced Parole Document, Refugee Travel Permit/Reentry Document, or other foreign travel document to Probation and Pretrial Services as directed.

12. The defendant shall not obtain a passport, Green Card, Visa, Advanced Parole Document, Refugee Travel Permit/Reentry Document, or other foreign travel document.

13. The defendant shall provide Pretrial Services with any financial documents as directed.

14. The defendant shall refrain from any direct or any indirect contact with any person(s) under the age of eighteen (18) without the presence of a responsible adult.

15. The defendant will participate in the Computer Monitoring Program as directed by the Pretrial Services Office and follow all rules and regulations of the Program. The defendant will incur the cost of monitoring services as directed by Pretrial Services. Additional conditions of the Computer Monitoring Program are as follows:

16. The defendant shall not access, view or possess any material that depicts sexually explicit conduct involving children or adults as defined by 18 USC 2256(2) and shall immediately contact Pretrial Services to report access to any restricted site.

17. The defendant shall not establish any email accounts or any Internet accounts with any Internet service providers unless previously authorized by Pretrial Services. The defendant shall provide financial documents as requested by Pretrial Services to confirm compliance with this condition.

18. The defendant shall not possess or access any device, including all laptops, computers, tablets, smart phones and gaming systems, which allows access to the Internet unless authorized by Pretrial Services.

**As requested by Minnesota Pretrial Services Office, the following additional condition of release is imposed:**

19. Report as soon as possible, to the Pretrial Services office or supervising officer every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

### ADVICE OF PENALTIES AND SANCTIONS

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, forfeiture of bond, and a prosecution for contempt as provided in 18 U.S.C. §401 which could result in a possible term of imprisonment or a fine, or both. The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a criminal offense

punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both:

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENTS

I, the Defendant, acknowledge I am aware of the conditions of my release. I promise to obey all conditions, appear as directed and surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE | SIGNATURE | ADDRESS AND PHONE NUMBER OF DEFENDANT |
|---|---|---|
| 1-28-16 | [signed] | **Ref Pretrial Services Report - not public record** |

I, the Custodian, agree to supervise the Defendant in accordance with all conditions of release, to use every effort to assure the appearance of the Defendant at all scheduled court proceedings and to notify the court immediately in the event the Defendant violates any conditions of release or disappears.

| DATE | SIGNATURE | ADDRESS AND PHONE NUMBER OF CUSTODIAN: |
|---|---|---|
| 1-28-16 | [signed] | **Ref Pretrial Services Report - not public record** |

I (We), the surety(ies), have read and understand the terms of this bond and conditions of release and acknowledge that I (we) are bound by this encumbrance until duly exonerated.

| DATE | SIGNATURE | ADDRESS AND PHONE NUMBER OF SURETY(IES) |
|---|---|---|
|  |  | **Ref Pretrial Services Report - not public record** |

BOND SET BY: _____  DEFENDANT RELEASED BY: _____

Signed before me on this date: 1/28/16 ; By U.S. ~~Magistrate~~ DISTRICT Judge: _____

**THIS ORDER AUTHORIZES THE U.S. MARSHAL TO RELEASE DEFENDANT FROM CUSTODY.**

Witnessed and acknowledged before:

_____ Date: 1-28-16

3